**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 30, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KACI ANNE-RENE LIMA, a/k/a Kaci
Anne-Rene Cackler,

    Defendant - Appellant.

No. 26-5007
(D.C. No. 4:25-CR-00179-JFH-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **CARSON**, and **ROSSMAN**, Circuit Judges.

_____

Kaci Anne-Rene Lima pleaded guilty to three counts of bank fraud, in violation of 18 U.S.C. § 1344.  She was sentenced to 24 months in prison.  Ms. Lima seeks to appeal her sentence, but the government has moved to enforce the appeal waiver contained in her plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice.  *See id.*

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government addresses all three *Hahn* factors in its motion.  Ms. Lima "takes no position" on the motion to enforce.  Aplt. Resp. at 1.  We do not consider this to be an objection to the motion to enforce.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that a reviewing court need not address each *Hahn* factor if defendant does not make argument with respect to that factor). We need not address *Hahn* based on Ms. Lima's lack of position.  But in any event Ms. Lima's appeal waiver is enforceable because:  (1) her sentence does not exceed the statutory maximum, and her intended appeal thus falls within the scope of her waiver; (2) the plea agreement sets forth the waiver and states that it was knowing and voluntary, and the district court addressed the waiver and voluntariness at the plea hearing; and (3) there is no indication that the waiver would result in a miscarriage of justice as set out in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and the appeal is dismissed.

Entered for the Court


Per Curiam